**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4406

RAYMOND ANTHONY BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
N. Carlton Tilley, Jr., District Judge.
(CR-95-45)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Michael F. Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond Anthony Brown pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.A.§ 922(g)(1) (West Supp. 1996). Brown was sentenced to 180 months in prison, to be followed by five years of supervised release. He appeals, asserting that Congress exceeded its powers under the Commerce Clause in enacting § 922(g)(1). We affirm.

In 1989, Brown was convicted in a New York state court of attempted robbery in the second degree, a felony. The indictment in this case charged him with possessing a .357 caliber Taurus revolver on May 11, 1994, in the Middle District of North Carolina. That firearm is not manufactured in North Carolina and must have traveled in interstate commerce.

Brown bases his challenge to § 922(g)(1) on United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260). In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q)(1)(A) (West Supp. 1996), which made possession of a firearm within 1000 feet of a school a federal offense. Lopez, 63 U.S.L.W. at 4343. The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 4347.

Unlike the statute at issue in Lopez, § 922(g)(1) contains the requisite jurisdictional element because it applies only to firearms having "an explicit connection with or effect on interstate commerce." Id. This court recently joined the unanimous ranks of the courts of appeals in concluding that Congress did not exceed its power under the Commerce Clause in enacting § 922(g)(1). United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996) (collecting cases). The "in or affect-

2

ing commerce" requirement of § 922(g) satisfies the jurisdictional element that the statute at issue in Lopez lacked and meets the minimal nexus required for the Commerce Clause. Id. (citing Scarborough v. United States, 431 U.S. 563, 575 (1977)). Consequently, Brown's argument is foreclosed by our decision in Wells .

Accordingly, we affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3